PERDUE v. PRATHER et al.

No. 29749.   Jan. 28, 1941.

*109 P. 2d 828.*

Ballinger & Ballinger, of Miami, for plaintiff in error.

Beauchamp & Beauchamp, of Grove, for defendants in error.

PER CURIAM. This action was commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below, upon an alleged liability arising by reason of the execution of a bond for a guardian.

Plaintiff became of age before the 10th day of March, 1927. He bases his right of recovery on an order purporting to impose liability against his former guardian which order was made by the county judge on the 1st day of February, 1939.

The action was filed on the 1st day of May, 1939. The trial court sustained a demurrer to the petition based upon the statute of limitations and entered an order of dismissal.

The sole issue presented is the error of the trial court in sustaining the demurrer on the ground that the statute of limitations had barred the action of plaintiff. It is conceded that the action is barred if it must be commenced within five years after the ward attains his majority. (Section 101, O. S. 1931, subd. 5, 12 Okla. St. Ann. § 95.)

This question was determined in Southern Surety Co. v. Beal, 134 Okla. 118, 272 P. 375. Therein it is stated:

"Subdivision 5 of section 185, C.O.S. 1921, provides: 'An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest or in any case whatever required by statute, can only be brought within five years after the cause of action shall have accrued.' The cause of action accrued when the ward reached majority, and suit could have been maintained against the surety on the bond for breach of the duty to the ward, if brought within five years, but not afterwards, and the fact that the county

court undertook to determine liability from the guardian to his former ward more than five years after the ward's majority would not toll the limitation statutes."

This being the only issue presented and there being no error in the judgment of the court in sustaining the demurrer and dismissing plaintiff's cause of action, the judgment is affirmed.

WELCH, C. J., and RILEY, BAYLESS, GIBSON, and HURST, JJ., concur.